Elijah M. Watkins, ISB No. 8977
E-mail: *elijah.watkins@stoel.com*
Wendy J. Olson, ISB No. 7634
E-mail: *wendy.olson@stoel.com*
Anna E. Courtney, ISB No. 9279
Email: *anna.courtney@stoel.com*
STOEL RIVES LLP
101 S. Capitol Blvd, Suite 1900
Boise, ID 83702
Telephone: (208) 389-9000
Fax: (208) 389-9040

*Attorneys for Plaintiff Big Sky Scientific LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BIG SKY SCIENTIFIC LLC,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO STATE POLICE, ADA COUNTY, JAN M. BENNETTS, in her official capacity as Ada County Prosecuting Attorney,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Pursuant to 28 U.S.C. § 2201, plaintiff Big Sky Scientific LLC ("Big Sky"), through counsel, brings this action for declaratory relief against defendants Idaho State Police ("ISP"), Ada County, and Jan M. Bennetts in her official capacity as Ada County Prosecuting Attorney ("Bennetts") (collectively "Defendants") and allege and state as follows:

**COMPLAINT FOR DECLARATORY JUDGMENT -** 1
100107192.1 0204757-00001

## NATURE OF THE ACTION

1. On December 20, 2018, President Donald Trump signed into law the Agriculture Improvement Act of 2018, Pub. L. 115-334 (the "2018 Farm Bill").

2. The 2018 Farm Bill defines industrial hemp as "the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis."

3. The 2018 Farm Bill removed industrial hemp from the Controlled Substances Act.

4. Lastly, the 2018 Farm Bill mandates that no state shall be allowed to prohibit the transportation of hemp or hemp products through the state.

5. Despite the 2018 Farm Bill, Defendants have seized Big Sky's shipment of industrial hemp.

6. Big Sky now seeks judgment from this Court declaring that Defendants have seized and kept Big Sky's federally-protected property wrongly and that Big Sky is entitled to immediately get its property back so that the shipment may continue on to its final destination in Colorado. There are two basis for Big Sky's requested relief.

   a. The 2018 Farm Bill prohibits states from blocking the transportation of industrial hemp in interstate commerce as Defendants have done.

   b. Notwithstanding the 2018 Farm Bill, states cannot prohibit the shipment of a legal good through interstate commerce under the Commerce Clause.

**COMPLAINT FOR DECLARATORY JUDGMENT -** 2

## PARTIES

7. Big Sky is a Delaware corporation with its principal place of business in Aurora, Colorado.

8. Defendant ISP is the statewide law enforcement agency for the State of Idaho tasked with patrol and investigation of crimes. Upon information and belief, Defendant ISP is also tasked with the collection and storage of evidence.

9. Defendant Ada County is a political subdivision within the State of Idaho and the county where Big Sky's property was seized.

10. Defendant Bennetts is the Defendant Ada County's Prosecuting Attorney. Bennetts has authority to pursue criminal charges or administrative penalties and to withhold the return of Big Sky's property. She is sued in her official capacity.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Big Sky's federal claims under 28 U.S.C. §§ 1331, 1343(a)(1), (3), and diversity jurisdiction pursuant to 18 U.S.C. § 1332 because complete diversity exists between Big Sky and Defendants and the amount in controversy exceeds the jurisdictional limit.

12. Plaintiffs' actions for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants carry out their official duties at offices located in this district.

## GENERAL ALLEGATIONS

14. The 2018 Farm Bill removes Tetrahydrocannabinols as applied to hemp from the Controlled Substances Act.

15. Hemp is defined in the 2018 Farm Bill as having "the plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis."

16. Delta-9 tetrahydrocannabinol ("Δ-9 THC") is one of the primary components of marijuana that makes a recreational user feel "high".

17. Because industrial hemp is at or below 0.3 percent Δ-9 THC, it does not contain sufficient amounts of the psychoactive component to cause a "high" feeling.

18. Industrial hemp is not used recreationally.

19. Industrial hemp is legal on a federal level.

20. On or around January 24, 2019, Defendant ISP seized the contents of a shipping truck, consisting of approximately 7,000 pounds of a plant substance owned by Big Sky.

21. The seized plant substance is the plant Cannabis sativa L. or parts of that plant.

22. The seized plant substance has a Δ-9 THC concentration of not more than 0.3 percent on a dry weight basis.

23. The bill of lading that accompanied the load indicated the shipment consisted of "hemp".

**COMPLAINT FOR DECLARATORY JUDGMENT -** 4
100107192.1 0204757-00001

24. The bill of lading that accompanied the load indicated the shipment was being transported from Oregon to Colorado.

25. The load was in plain sight in the cargo area of the semi-truck trailer.

26. The driver told Defendant ISP that he was hauling hemp.

27. The driver did not run or otherwise try to escape.

28. The driver did not try to dispose of the load which he was shipping.

29. The driver was arrested.

30. The driver is being charged with a felony for illegally trafficking marijuana.

31. The shipment was seized.

32. The shipment is being held by and is under the control of Defendants.

33. Nothing at the scene at the time of the arrest indicated that the shipment was going anywhere other than to Colorado.

34. Nothing at the scene at the time of the arrest indicated that the shipment was anything other than industrial hemp with a Δ-9 THC count at or below 0.3 on a dry weight basis.

35. The field test used by Defendant ISP at the scene is incapable of determining whether a given sample has a Δ-9 THC count at or below 0.3 percent on a dry weight basis.

36. The K-9 officer used by Defendant ISP at the scene is incapable of determining whether a given sample has a Δ-9 THC count at or below 0.3 percent on a dry weight basis.

37. Defendants have refused to return Big Sky's property.

**COMPLAINT FOR DECLARATORY JUDGMENT - 5**

## FIRST CAUSE OF ACTION
(Declaratory Judgment Under 28 U.S.C. § 2201 – 2018 Farm Bill)

38. Plaintiffs hereby incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

39. An actual controversy that is ripe for judicial determination has arisen and now exists regarding whether the Defendants wrongfully seized Big Sky's property under the 2018 Farm Bill.

40. An actual controversy that is ripe for judicial determination has arisen and now exists regarding whether the Defendants have wrongfully refused to return Big Sky's property under the 2018 Farm Bill.

41. Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Plaintiffs are entitled to a declaration determining whether Defendants have acted and continue to act properly under the 2018 Farm Bill.

42. Plaintiffs seek a declaration that Defendants improperly seized Big Sky's property and have improperly refused to return Big Sky's property after the seizure given the language of the 2018 Farm Bill forbidding states from prohibiting the interstate transportation or shipment of industrial hemp through a state.

43. A declaration from this Court is necessary and appropriate at this time so that the parties may know and exercise their respective rights.

44. The interests of Big Sky and Defendants are adverse because Big Sky desires to have its property returned and continue its shipment on to Colorado. On the other hand, Defendants intend to keep Big Sky's property and not allow it to continue on to Colorado.

**COMPLAINT FOR DECLARATORY JUDGMENT -** 6

45. Big Sky has a legally protectable interest in the present controversy because it has rightful title to the property and said property is federally-protected pursuant to the 2018 Farm Bill.

## SECOND CAUSE OF ACTION
(Declaratory Judgment Under 28 U.S.C. § 2201 – Commerce Clause)

46. Plaintiffs hereby incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

47. An actual controversy that is ripe for judicial determination has arisen and now exists regarding whether the Defendants wrongfully seized Big Sky's property under the Commerce Clause and/or interstate commerce principles.

48. An actual controversy that is ripe for judicial determination has arisen and now exists regarding whether the Defendants have wrongfully refused to return Big Sky's property under the Commerce Clause and/or interstate commerce principles.

49. Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Plaintiffs are entitled to a declaration determining whether Defendants have acted and continue to act properly under the Commerce Clause and/or interstate commerce principles.

50. Plaintiffs seek a declaration that Defendants improperly seized Big Sky's property and have improperly refused to return Big Sky's property after the seizure given the Commerce Clause and/or interstate commerce principles, which prevent state prohibition with the interstate shipment or transportation of a lawful good.

51. A declaration from this Court is necessary and appropriate at this time so that the parties may know and exercise their respective rights.

**COMPLAINT FOR DECLARATORY JUDGMENT -** 7

52. The interests of Big Sky and Defendants are adverse because Big Sky desires to have its property returned and continue its shipment on to Colorado. On the other hand, Defendants intend to keep Big Sky's property and not allow it to continue on to Colorado.

53. Big Sky has a legally protectable interest in the present controversy because it has rightful title to the property and said property is a federally-protected lawful good.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For a judgment declaring that Defendants wrongfully seized Big Sky's property under either or both the 2018 Farm Bill or the Commerce Clause and/or principles of interstate commerce;

2. For a judgment declaring that Defendants have wrongfully refused to return Big Sky's property under either or both the 2018 Farm Bill or the Commerce Clause and/or principles of interstate commerce;

3. For an injunction prohibiting Defendants from continuing to withhold Big Sky's property from it;

4. For an injunction ordering Defendants to immediately return Big Sky's property to it; and

5. For such other legal and equitable relief as this Court deems just and proper.

DATED: February 1, 2019.

        STOEL RIVES LLP

        */s/*
        Elijah M. Watkins

        *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2019, I served a copy of the foregoing COMPLAINT FOR DECLARATORY JUDGMENT on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

Jan M. Bennetts                                         Via:  CM/ECF Notification and Email
Heather McCarthy
Ada County Prosecutor's Office
200 W. Front Street, Room 3191
Boise, Idaho 83702
Telephone:  208-287-7700
Email:  adacountyprosecutor@adaweb.net

*Attorneys for State of Idaho, Idaho State Police and Ada County*

Merritt L. Dublin                                       Via:  CM/ECF Notification and Email
Deputy Attorney General
Criminal Law Division/Idaho State Police
700 S. Stratford Drive
Meridian, Idaho 83642
Telephone:  208-884-7050
Email:  merrittdublinlaw@isp.idaho.gov

*Attorneys for Idaho State Police*

                                                 */s/ Elijah M. Watkins*
                                                 Elijah M. Watkins

**COMPLAINT FOR DECLARATORY JUDGMENT -** 10
100107192.1 0204757-00001