UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| BIG SKY SCIENTIFIC LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO STATE POLICE, ADA COUNTY, JAN M. BENNETTS, in her official capacity as Ada County Prosecuting Attorney,<br><br>    Defendants, | Case No.: 1:19-cv-00040-REB<br><br>**ORDER RE:**<br><br>**U.S. HEMP ROUNDTABLE, INC.'S MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE*<br>(Docket No. 25)**<br><br>**PLAINTIFF'S MOTION TO FILE OVERLENGTH REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION<br>(Docket No. 27)** |

Pending before the Court are (1) U.S. Hemp Roundtable, Inc.'s ("Roundtable") Motion for Leave to Appear as *Amicus Curiae* (Dkt. 25), and (2) Plaintiff's Motion to File Overlength Reply in Support of Motion for Preliminary Injunction (Dkt. 27). Having carefully considered the record and otherwise being fully advised, the Court orders as follows:

1.  Roundtable's Motion for Leave to Appear as *Amicus Curiae* (Dkt. 25)

On January 24, 2019, Idaho State Police ("ISP") stopped an alleged shipment of industrial hemp from passing through the state, originating from Oregon on its way to Colorado. ISP arrested the driver and seized the load. Soon thereafter, the owner of the industrial hemp, Big Sky Scientific LLC ("Big Sky"), filed this lawsuit and moved for an emergency temporary restraining order and preliminary injunction. Big Sky contends that, under the 2018 Farm Bill, no state, regardless of the state's marijuana laws, may prohibit the shipment of industrial hemp or hemp products through the state or territory. Big Sky seeks a ruling declaring that (1) "Defendants improperly seized Big Sky's property and have improperly refused to return Big

**MEMORANDUM DECISION AND ORDER - 1**

Sky's property after the seizure given the language of the 2018 Farm Bill forbidding states from prohibiting the interstate transportation or shipment of industrial hemp through a state"; and (2) "Defendants improperly seized Big Sky's property and have improperly refused to return Big Sky's property after the seizure given the Commerce Clause and/or interstate commerce principles, which prevent state prohibition with the interstate shipment or transportation of a lawful good." *See* Compl., ¶¶ 42 & 50 (Dkt. 1).

Roundtable seeks to file an *amicus* brief in support of Big Sky's efforts, contending that it can assist the Court in resolving this case by "lend[ing] guidance with respect to Congress's intent behind the [2018 Farm Bill], the enactment of which Roundtable successfully lobbied for and which squarely addresses the legal issues at stake in this case." Mot. for Leave to Appear as *Amicus*, p. 1 (Dkt. 25). Roundtable further explains that, "as the hemp industry's leading business advocacy organization and with 60-plus members representing all aspects of the seed-to-sale distribution chain, the Roundtable has critical understanding of the potential market impact if hemp-derived products were frustrated in interstate commerce . . . ." Mot. for Leave to Appear as *Amicus*, pp. 1-2 (Dkt. 25).

There is no inherent right to file an amicus brief. Rather, district courts retain broad discretion to either permit or reject the appearance of *amicus curiae*, and typically allow *amicus* briefs only when they are both timely and useful. *See Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 (9th Cir. 1987). "However, leave to file an *amicus* brief should be denied unless a party is not represented competently or at all, a decision in the present case may affect the interest of the *amicus* in another case in which it has an interest, or the *amicus* has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Allison v. American Dental Ass'n*, 2012 WL 4419120, *2 (D. Idaho 2012) (quoting *Greater Yellowstone Coalition v. Timchak*, 2008 WL 4911410, *6 (D. Idaho 2008)).

**MEMORANDUM DECISION AND ORDER - 2**

Still, one court has observed that "[t]he vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such *amicus* briefs should not be allowed. They are an abuse. The term "*amicus curiae*" means friend of the court, not friend of a party." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).

It seems on the face of what has been filed that Roundtable's participation in the case would essentially duplicate arguments made by Big Sky. *Compare* generally Big Sky's Mem. ISO Emerg. Mot. for TRO/PI (Dkt. 2) *and* Reply ISO Emerg. Mot. to TRO/PI (Dkt. 26), *with* Prop. Brief of *Amicus Curiae* (Dkt. 25-1). In other words, at this time the interests of Roundtable's assorted entities seem to be more than adequately represented in this lawsuit. Moreover, Roundtable has not identified any other case in which it has an interest that the outcome of this matter may affect. However, Roundtable does offer some additional backdrop to the dispute, in the form of the nature of the emerging hemp industry and the significance of the issues presented in this case to other people and companies who want to be involved in that industry. So, to allow for the additional information to be added to the existing record, Roundtable's Motion for Leave to Appear as *Amicus Curiae* is GRANTED and the Court will consider the amicus curiae brief Roundtable has filed.

///

///

///

///

///

///

///

**MEMORANDUM DECISION AND ORDER - 3**

2. <u>Plaintiff's Motion to File Overlength Reply in Support of Motion for Preliminary Injunction (Dkt. 27)</u>

Plaintiff's Motion to File Overlength Reply in Support of Motion for Preliminary Injunction is unopposed. Good cause appearing, Plaintiff's Motion to File Overlength Reply in Support of Motion for Preliminary Injunction is GRANTED.

DATED: February 19, 2019

Ronald E. Bush
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 4**