**JAN M. BENNETTS**
ADA COUNTY PROSECUTING ATTORNEY

**SHERRY A. MORGAN**
Senior Deputy Prosecuting Attorney
**DAVID A. ROSCHECK**
Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Room 3191
Boise, ID  83702
Telephone (208) 287-7700
Facsimile (208) 287-7719
Idaho State Bar Nos. 5296, 9008
civilpafiles@adaweb.net

*Attorneys for Ada County and Jan M. Bennetts*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BIG SKY SCIENTIFIC LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> IDAHO STATE POLICE, ADA COUNTY, ) <br> JAN M. BENNETTS, in her official capacity as ) <br> Ada County Prosecuting Attorney, ) <br> ) <br> Defendants. ) <br> _____ ) | **Case No. 1:19-cv-00040-REB** <br><br> **OBJECTION TO PLAINTIFF'S MOTION TO DISREGARD NEW ARGUMENTS RAISED IN DEFENDANTS ADA COUNTY AND JAN M. BENNETTS' REPLY TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, LEAVE TO FILE A SUR-REPLY** |

Defendant Ada County and Defendant Jan M. Bennetts, in her official capacity as Ada County Prosecuting Attorney (collectively "County Defendants"), submit this Objection to Plaintiff's Motion to Disregard New Arguments Raised in Defendants Ada County and Jan M. Bennetts' Reply to Motion to Dismiss, or, in the Alternative, Leave to File a Sur-Reply.

## I.     INTRODUCTION

In lieu of filing an answer, County Defendants chose to file a Motion to Dismiss and supporting Memorandum, as allowed by the Federal Rules of Civil Procedure.  [Dkt. 38, 38-1] In responding to that Motion, Plaintiff filed a nineteen (19) page Opposition to Defendants Ada County and Jan M. Bennetts' Motion to Dismiss [Dkt. 43] ("Opposition to Motion to Dismiss"). Out of those nineteen (19) pages, Plaintiff devoted thirteen (13) pages to various arguments as to why this Court lacks jurisdiction to consider the Motion to Dismiss, and the necessity to stay the proceedings until the preliminary injunction appeal is settled.  Plaintiff chose to spend the remaining four (4) pages of its Opposition arguing why Ada County and the Ada County Prosecuting Attorney are proper defendants.

After reviewing those four (4) pages, it became clear that the Plaintiff may not fully understand county government in the state of Idaho, and consequently, the county defendants it sued.  That is why County Defendants, in their Reply to Motion to Dismiss [Dkt. 45], explained in detail the workings of county government in general, and Ada County and the Ada County Prosecuting Attorney's Office in particular.  No new issues or arguments were raised – rather, arguments, statutes and constitutional provisions were further explained in order to clarify why the Plaintiff's case was procedurally flawed.

## II.     ARGUMENT

**A.     County Defendants Raised No New Issues or Arguments in Their Reply to Motion to Dismiss.**

In its lawsuit, Plaintiff named two county defendants – Ada County, a political subdivision of the state of Idaho, and Jan M. Bennetts, the elected county prosecutor, in her official capacity as the Ada County Prosecuting Attorney.  As recognized by Plaintiff, since Ms. Bennetts was sued in her official capacity, the claims against her are actually claims against *Ada*

*County* itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Consequently, bringing a lawsuit against Ada County and Jan Bennetts in her official capacity is actually a lawsuit against Ada County via its Board of Commissioners.

Based on clear Idaho constitutional and statutory law, County Defendants' Reply Brief did not relay anything new to Plaintiff – the Idaho constitutional provisions and county-specific statutes cited therein are not novel arguments that require careful reading or a studied interpretation. Rather, they are the laws that establish the powers and duties of counties and their elected officials. By citing to these laws, County Defendants were not making finely-crafted legal arguments, but rather setting forth the reality of the county government landscape in Idaho – arguably facts and law with which Plaintiff should have been familiar prior to filing this lawsuit.

    1.    <u>County Defendants have been Clear from the Beginning of this Case that Ada County is not a Proper Party.</u>

In the very first filing by County Defendants in this case, they alerted both Plaintiff and this Court to the fact that Ada County is not a proper defendant. In its Memorandum in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction filed on February 6, 2019 [Dkt. 23] ("Preliminary Injunction Opposition"), just three (3) days after being served with this action, County Defendants clearly and succinctly stated on the first page:

> Ada County is not a proper defendant in this action because it has no authority over the contraband as the contraband is evidence in a criminal proceeding. Ada County and the Ada County Prosecuting Attorney intend to file a motion to dismiss in the near future, which will expand on such arguments. For ease of reference only, these parties will be collectively referred to as "County Defendants." County Defendants do not thereby concede that Ada County has any involvement in this case whatsoever.

[Dkt. 23, p. 1] To the extent it failed to conduct adequate research prior to suing Ada County and the Ada County Prosecuting Attorney, this warning should have caused Plaintiff to investigate the parties it named.  It appears that Plaintiff failed to appreciate this concern.

True to its word, County Defendants filed their Motion to Dismiss and supporting Memorandum pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) on February 25, 2019 [Dkts. 38, 38-1]. This Motion did expand on such arguments as indicated in the Preliminary Injunction Opposition, and argued that should this Court decide not to apply the *Younger* abstention doctrine and retain jurisdiction, Ada County and the Ada County Prosecuting Attorney should be dismissed pursuant to F.R.C.P. 12(b)(6) for failure to state a claim against them.

In the Motion to Dismiss, County Defendants once again forwarded that Ada County (i.e. the Board of Ada County Commissioners) has no authority over the contraband since it is evidence in a criminal proceeding.  [Dkt. 38-1, p. 10]  County Defendants also highlighted that there is no allegation in the Complaint that Ada County has any involvement in this case whatsoever, from either the contraband seizure or retainage of custody.  [*Id.*, p. 11]  It was also specifically stated that "Ada County, through the Board of County Commissioners, has no authority to direct the prosecution of a case, including the return of evidence."  [*Id.*]

At the time it filed this lawsuit, Plaintiff knew or should have known that Ada County is a political subdivision of the state of Idaho, duly formed and existing pursuant to the laws and constitution of the state of Idaho.  To the extent Plaintiff was unaware of the structure of Ada County and the powers and duties of its elected officials, the statements in both the Preliminary Injunction Opposition and the Motion to Dismiss should have suggested that Plaintiff conduct research into this area and treat it more fully in its Opposition to Motion to Dismiss.  Because it chose not to, Plaintiff cannot in good faith now argue for a second bite at the apple.

2.  Given Plaintiff's Fundamental Misunderstanding, County Defendants were Forced to Explain Basic Principles of County Government.

After reviewing Plaintiff's Opposition to Motion to Dismiss, it became apparent that Plaintiff fundamentally misunderstands Idaho local government law. Because of this, County Defendants were compelled to explain the topic. A review of County Defendants' Reply Brief shows that half of the Brief is devoted to just that. Six (6) pages of the twelve (12) page Reply Brief are devoted strictly to explaining county government in Idaho. [Dkt. 45, pp. 2-7] These explanations include a discussion of the constitutional provisions that establish counties and their elected officials, and the various constitutional and statutory duties of county commissioners and county prosecutors, along with their appropriate distinctions.

A plaintiff has some duty to conduct due diligence into the parties it is suing *before* it files a lawsuit. See F.R.C.P. 11(b); *Bell Atlantic Corporation v. Twombley,* 550 US 544, 557 (2007); *Ashcraft v. Iqbal*, 556 U.S. 662, 678-679 (2009). When suing a governmental entity in Idaho, that information is readily available in the Idaho constitution and Idaho Code. At the very least, a plaintiff should ensure that the governmental entity it is suing can actually provide the relief being requested. To the extent a plaintiff fails to make sure it has named the proper parties, defendants must be afforded the ability to rectify the mistake and move to dismiss the claims against them through a F.R.C.P. 12(b)(6) motion to dismiss for failure to state a claim, which is exactly what County Defendants did.

A review of its Opposition to Motion to Dismiss shows that Plaintiff devoted only four (4) pages to County Defendants' arguments that Ada County is not a proper party. Perhaps this was a strategic decision, since Plaintiff chose to spend the remaining thirteen (13) pages arguing as to why this Court should not consider the Motion to Dismiss, or at least stay the proceedings before it. Yet Plaintiff has been on notice since County Defendants' very first filing that Ada County is not a

proper party.  That, combined with the arguments in the Motion to Dismiss, should have alerted Plaintiff to County Defendants' legal and factual assertions regarding suing an improper party.  Plaintiff had ample opportunity to do so, but apparently made a strategic choice to ignore those arguments.

Whatever the reason, Plaintiff did sue the wrong party and did ignore County Defendants' earlier arguments.  This provides no basis to disregard County Defendants' Reply Brief or to allow a sur-reply.

**B.     It is Futile to Disregard County Defendants' Reply Brief or to allow a Sur-Reply, as this Cannot Change the Fact that Ada County is Powerless to Comply with a Court Order on this Topic.**

Plaintiff asks this Court to "disregard Defendants' new arguments regarding the separation of powers and the legal distinction between the County and the Prosecutor under Idaho state law, as these arguments were made for the first time on reply." [Dkt. 46-1, p. 3]  As stated above, and as is clear from previous filings by County Defendants, these are not new arguments, but rather explanations necessitated to correct Plaintiff's fundamental misunderstanding as to the parties it sued.

Should the Court entertain Plaintiff's request and disregard this detailed explanation, it will not change the fact that Ada County and its Board of Commissioners can never provide Plaintiff the relief it requests – either by way of injunctive relief or compliance with a declaratory judgment from the Court.  As explained in County Defendants' Reply Brief, there is no constitutional or statutory provision that grants a board of county commissioners any authority over the discretionary decision by a co-equal constitutionally elected official (the prosecuting attorney) to file and proceed with a criminal case, or the ability to make a determination to release evidence.

Additionally, based on the reasoning above, a sur-reply will be an exercise in futility.[1] There are no arguments that can be made against the fundamental powers (and limitations thereto) possessed by county commissioners. Nothing that Plaintiff can argue and no case that Plaintiff may cite can change the fact that Ada County cannot give Plaintiff what it seeks – a return of evidence held in a criminal case.

In order for Plaintiff to survive County Defendants' Motion to Dismiss, its complaint must include enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). As stated in County Defendants' Reply Brief, Plaintiff will never be able to meet this standard as to Ada County, since the County cannot ever be "liable for the misconduct alleged."

The reality of the situation is this – should this Court (or any other court for that matter) grant Plaintiff's preliminary injunction request and order the return of the plant material to Plaintiff, it will be impossible for the named party – the Board of Ada County Commissioners – to comply with that order, since the Board has no authority over the prosecution of criminal cases, and is powerless (and should be powerless) to interfere with the Ada County Prosecuting Attorney's decision to release evidence in *any* criminal case. It would also be impossible for the

---

[1] The cases cited to by Plaintiff in support of its request to file a sur-reply are unpersuasive. [Dkt. 46-1, p. 4]  These cases all concern "new evidence," "new facts" and "different legal arguments."  [*Id.*]  However, County Defendants have not presented new evidence or facts, and the explanation of county government and the powers and duties of elected officials does not constitute a "legal argument" per se, as it is merely a citation to the governing constitutional and statutory provisions that set forth what county elected officials can and cannot do. Additionally, these propositions, to the extent they are legal arguments, are certainly not new.

Board to comply with a declaratory judgment from any court setting out the parameters of the 2018 Farm Bill, or any prior or subsequent version thereof, since the Board is without authority to dictate how the Ada County Prosecuting Attorney enforces Idaho criminal statutes.

### III. CONCLUSION

For the reasons stated herein, County Defendants request that the Court deny Plaintiff's Motion to Disregard New Arguments Raised in Defendants Ada County and Jan M. Bennetts' Reply to Motion to Dismiss, or in the Alternative, Leave to File a Sur-Reply [Dkt. 46-1].

DATED this 29th day of April, 2019.

                **JAN M. BENNETTS**
                Ada County Prosecuting Attorney

                By:   /s/ Sherry A. Morgan
                         Sherry A. Morgan
                         Senior Deputy Prosecuting Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2019, I served a true and correct copy of the foregoing OBJECTION TO PLAINTIFF'S MOTION TO DISREGARD NEW ARGUMENTS RAISED IN DEFENDANTS ADA COUNTY AND JAN M. BENNETTS' REPLY TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, LEAVE TO FILE A SUR-REPLY on CM/ECF Registered Participants in the manner indicated as follows:

| | |
|---|---|
| Elijah M. Watkins<br>Anna Courtney<br>Wendy Olson<br>**Stoel Rives LLP**<br>101 S. Capitol Blvd., Ste 1900<br>Boise, Idaho 83702<br>elijah.watkins@stoel.com | Via:  CM/ECF Notification |
| Merritt L. Dublin<br>Cynthia Yee-Wallace<br>**Idaho Attorney General's Office**<br>Criminal Law Division/Idaho State Police<br>700 S. Stratford Dr.<br>Meridian, ID 83642<br>Merritt.dublin@isp.idaho.gov | Via:  CM/ECF Notification |

/s/ Shelly Root
Shelly Root, Legal Assistant