UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| BIG SKY SCIENTIFIC LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO STATE POLICE, ADA COUNTY, JAN M. BENNETTS, in her official capacity as Ada County Prosecuting Attorney,<br><br>    Defendants. | Case No.: 1:19-cv-00040-REB<br><br>**ORDER STAYING PROCEEDINGS** |

On January 24, 2019, Defendant Idaho State Police ("ISP") seized a shipment of nearly 13,000 pounds of a cargo which was being transported across Idaho from Oregon to Colorado. The seizure occurred in conjunction with the arrest of the driver of the semi-truck pulling the shipment. On February 1, 2019, the owner of the seized load, Plaintiff Big Sky Scientific LLC ("Big Sky"), filed this lawsuit pursuant to 28 U.S.C. § 2201 and FRCP 57, seeking a declaratory ruling as to Big Sky's rights under the 2018 Farm Bill, the Commerce Clause, and/or interstate commerce principles – specifically, Big Sky claims that (1) the cargo is industrial hemp under provisions of the recently-enacted federal 2018 Farm Bill; (2) industrial hemp is not a controlled substance under federal law; and (3) Idaho cannot interfere with the interstate transportation of industrial hemp because of protections under federal law for interstate commerce.

Also on February 1, 2019, Big Sky filed its Emergency Motion for Temporary Restraining Order and Preliminary Injunction, seeking entry of a temporary restraining order and an injunction under FRCP 65 to enjoin Defendants "from violating the clear commands of the [2018 Farm Bill] and the Commerce Clause, and to order Defendants to immediately return Big Sky's property." Mem. ISO Emerg. Mot. for TRO/PI, p. 1 (Dkt. 2-1). Alternatively, citing to

**ORDER STAYING PROCEEDINGS - 1**

FRCP 66, Big Sky requested that the Court appoint an emergency receiver to safeguard Big Sky's "valuable, federally-protected property, pending final resolution of the matter." Emerg. Mot. for TRO/PI, p. 2 (Dkt. 2).

On February 2, 2019, the Court denied Big Sky's request for a temporary restraining order, ruling that such an order was not warranted because of serious questions about Big Sky's likelihood of success on the merits due to the incomplete status of the regulatory framework required by the 2018 Farm Bill and the required connection between that regulatory framework and the interstate transportation of industrial hemp. *See generally* 2/2/19 MDO (Dkt. 6). Consistent with FRCP 65, the Court then set Big Sky's Motion for Preliminary Injunction for hearing and provided a schedule for the parties' briefing in the meantime. *See id.* at p. 13; *see also generally* Not. (Dkt. 7). As part of their briefing, the Court ordered the parties to include a discussion concerning a federal court's authority to order that property seized in connection with a state court criminal case be relinquished – either to a third party or to a court-appointed receiver. *See* Not., pp. 1-2 (Dkt. 7).

On February 11, 2019, the Court held a hearing on Big Sky's Motion for Preliminary Injunction and, on February 19, 2019, the Court denied the same, ruling that Big Sky has not shown a likelihood of success on the merits – specifically, (1) the 2018 Farm Bill did not prevent ISP's seizure of industrial hemp; and (2) the Commerce Clause does not preempt Idaho's controlled substances laws on the facts presented. *See generally* 2/19/19 MDO (Dkt. 32).[1]

---

[1] The Court also took up the issue of whether *Younger v. Harris*, 401 U.S. 37 (1971), required the Court to abstain from considering all (or parts) of Big Sky's requested relief, ultimately concluding that it need not definitively resolve the question at "this time." 2/19/19 MDO, pp. 14-19 (Dkt. 32) ("This Decision, of course, only decides whether Plaintiff is entitled to preliminary injunctive relief. The details announced here are therefore not a final judgment of the Court. Hence, the constraint, if any, that *Younger* places upon a final judgment remains to be seen. Right now, the Court holds only that *Younger's* application need not be unfolded at present, given the Court's ruling upon the requested injunctive relief.").

**ORDER STAYING PROCEEDINGS - 2**

On February 20, 2019, Big Sky appealed to the United States Court of Appeals for the Ninth Circuit, framing the issue on appeal as follows: "Did the district court abuse its discretion in refusing to grant Big Sky a preliminary injunction on the basis that the 2018 Farm Bill does not protect the interstate transport of industrial hemp lawfully produced under the 2014 Farm Bill?" Appellant's Brief, p. 4, *Big Sky Scientific LLC v. Bennetts*, No. 19-35138 (9th Cir. Mar. 20, 2019). Claiming this to be the case, Big Sky generally argues that (1) the 2018 Farm Bill expressly allows industrial hemp to be produced and shipped across state lines; (2) the district court erred in finding that Section 10114(b) of the 2018 Farm Bill allows Idaho to interfere with the interstate commerce of hemp; and (3) the 2018 Farm Bill preempts the Idaho Controlled Substances Act insofar as the Idaho statute prohibits the interstate commerce of industrial hemp. *See id*. at pp. 16-34.

On February 25, 2019, Defendants Ada County and Jan Bennetts (collectively "County Defendants") moved to dismiss Big Sky's Complaint pursuant to FRCP 12(b)(1) and 12(b)(6), arguing that (1) the Court should abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine in light of the two state court proceedings currently underway; (2) should the Court retain jurisdiction, (a) Defendant Ada County should be dismissed, as Big Sky has failed to state a claim against it, and (b) Defendant Jan Bennetts should be dismissed, as prosecutorial discretion provides absolute immunity from suit; and (3) should the Court retain jurisdiction, Big Sky's Complaint should be dismissed in its entirety for failure to state a claim because (a) the 2018 Farm Bill does not prohibit law enforcement from seizing and detaining Big Sky's cargo, and (b) the Commerce Clause does not preempt Idaho's controlled substances laws. *See generally* Cnty. Defs.' Mem. ISO MTD (Dkt. 38-1).

As part of its response to the County Defendants' Motion to Dismiss, Big Sky argues that the Court no longer has jurisdiction to proceed with County Defendants' *Younger* abstention,

**ORDER STAYING PROCEEDINGS - 3**

2018 Farm Bill, and Commerce Clause arguments and, separately, the Court should stay the proceedings (including FRCP 12(b)(1) arguments specific to County Defendants themselves) pending resolution of Big Sky's interlocutory appeal. *See generally* Big Sky's Opp. to Cnty. Defs.' MTD (Dkt. 43). For the reasons that follow, the Court agrees that a stay of proceedings is appropriate in light of the pending appeal and the issues presented therein.

To begin, the filing of an appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The purpose of the judicially-made "divestiture rule"[2] is "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984). "Given this purpose, it has been suggested that 'the rule should not be employed to defeat its purpose or to induce needless paper shuffling.'" *Id.* (citation omitted).

The Ninth Circuit recognizes certain exceptions to the divestiture rule. For example, focused on avoiding uncertainty and waste, while at the same time concerned with the possibility that the appeals process might be abused to cause delay or increase costs, district courts may proceed in appropriate cases by certifying that the appeal is frivolous or waived. *Rodriguez*, 891 F.3d at 791. Additionally, a district court may retain jurisdiction: (1) "to correct clerical errors or clarify its judgment pursuant to [FRCP] 60(a)"; (2) "when it has a duty to supervise the status quo during the pendency of an appeal"; and (3) "in aid of execution of a judgment that has not been superseded"; or (4) pursuant to statutory authority. *Stein v. Wood*, 127 F.3d 1187, 1189 (9th

---

[2] While the divestiture rule was previously referred to as "jurisdictional," the Supreme Court has more recently clarified that, because only Congress may establish or modify the subject-matter jurisdiction of district courts, judicially-made jurisdictional rules are now more accurately described as "mandatory claim processing rules" that may be applied with greater flexibility than truly jurisdictional rules. *Rodriguez v. Cnty. of L.A.*, 891 F.3d 776, 790 (9th Cir. 2018) (citation omitted).

**ORDER STAYING PROCEEDINGS - 4**

Cir. 1997).  The exceptions are naturally consistent with the divestiture rule, as they would not require the district court to decide the same issues before the appeals court.  *See id*. at 1189-90.  None of these situations is present here.

The overriding issues to be decided within the County Defendants' Motion to Dismiss clearly involve aspects of the case that are the subject of the pending appeal.  While it is true that portions of the Motion to Dismiss speak to whether the County Defendants are even proper defendants to the action, the Motion to Dismiss largely focuses on matters already addressed by the Court which are now squarely on appeal – namely, *Younger's* possible application to the Court's ability to consider Big Sky's claims and the impact of the 2018 Farm Bill on Idaho's ability to enforce its controlled substances laws vis à vis industrial hemp.  But if the Court were to agree with County Defendants and dismiss the action on either (or both) of these bases, and the Ninth Circuit were then to hold otherwise, the two results would be confusing at best and irreconcilable at worst.  Additionally, granting the County Defendants' Motion to Dismiss on *any* of the proffered arguments would most definitely upend the status quo as of the time the appeal was filed and materially alter the case on appeal – precisely what the divestiture rule aims to avoid.

Separately, a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  In this setting, a "*Landis* stay" may be appropriate when, for example, the result of a separate proceeding has some bearing upon the district court case.  *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).  "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."  *Id*.

**ORDER STAYING PROCEEDINGS - 5**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254.  In deciding whether to grant a *Landis stay*, courts must weight the competing interests of the parties, considering in particular:  "[(1)] the possible damage which may result from the granting of a stay, [(2)] the hardship or inequity which a party may suffer in being required to go forward, and [(3)] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quotation marks omitted).  "[I]f there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward . . . ." *Landis*, 299 U.S. at 255.  In addition, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.  For that reason, a *Landis* stay "should not be indefinite in nature." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Pointing to the arguments within their Motion to Dismiss, the County Defendants contend that a stay of proceedings in this Court to accommodate Big Sky's appeal will cause them harm.  *See* Cnty. Defs.' Reply ISO MTD, p. 11 (Dkt. 45) ("The County Defendants will certainly be harmed by the continuation of this lawsuit.  It is clear from the arguments made herein that Plaintiff has failed to 'state a claim to relief that is plausible on its face' . . . . Defendants should not have to postpone their dismissal from this suit simply because Plaintiff would prefer the County Defendants to remain in the litigation.").  But delay alone does not constitute prejudice especially where, here, the matter is still in its beginning stages with no scheduling order entered to date.  *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962)

**ORDER STAYING PROCEEDINGS - 6**

(finding delay in obtaining relief insufficient to show irreparable injury or miscarriage of justice). At the same time, given that the Ninth Circuit's consideration of Big Sky's appeal will directly affect the merits determination in the instant case, the other *Landis* factors weigh strongly in favor of staying this action pending its resolution. In particular, the issues currently on appeal are not only similar, but potentially dispositive of Big Sky's entire case – if the proceedings are not stayed, Big Sky will be forced to expend resources to litigate duplicative matters that may ultimately prove irrelevant (while potentially adversely affecting its rights in the meantime). Moreover, oral argument on Big Sky's appeal took place on August 28, 2019; because any stay's duration is necessarily bookended by the appeal itself, its duration is likewise understood and limited. These realities combine to reflect that staying this action in favor of first resolving Big Sky's appeal promotes the orderly course of justice because it will provide guidance and clarity about the continuing viability of Big Sky's claims and remaining issues, if any, going forward.

For all of these reasons, the Court concludes that a stay is warranted. IT IS THEREFORE HEREBY ORDERED that this action is STAYED until otherwise ordered by the Court. Within seven days of the Ninth Circuit's resolution of Big Sky's appeal, the County Defendants shall contact the Court to schedule a telephonic status conference to discuss any remaining issues for the Court's consideration.

DATED: September 3, 2019

_____
Ronald E. Bush
Chief U.S. Magistrate Judge

**ORDER STAYING PROCEEDINGS - 7**