FILED

**NOT FOR PUBLICATION**

SEP 04 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

BIG SKY SCIENTIFIC LLC,

No. 19-35138

Plaintiff-Appellant,

D.C. No. 1:19-cv-00040-REB

v.

JAN M. BENNETTS, in her official
capacity as Ada County Prosecuting
Attorney; IDAHO STATE POLICE; ADA
COUNTY,

MEMORANDUM[*]

Defendants-Appellees.

---

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding

Argued and Submitted August 28, 2019
Seattle, Washington

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

Big Sky Scientific LLC (Big Sky) challenges the district court's denial of its

motion for a preliminary injunction. It argues that the district court erred in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

concluding it was unlikely to succeed on the merits of its claim that federal law

prohibits the seizure of a shipment of hemp it was transporting through Idaho from

Oregon to Colorado.  Defendants Idaho State Police, Ada County, and Jan

Bennetts, the Ada County Prosecuting Attorney, argue that the district court abused

its discretion in not abstaining from this case under *Younger v. Harris*, 401 U.S. 37

(1971), because there is an in rem forfeiture proceeding pending in Idaho state

court in which Big Sky can raise its federal claims.  We review for abuse of

discretion a district court's abstention decision.  *McIntyre v. McIntyre*, 771 F.2d

1316, 1319 (9th Cir. 1985).

   *Younger* abstention is appropriate when "(1) there is 'an ongoing state

judicial proceeding'; (2) the proceeding 'implicates important state interests'; (3)

there is 'an adequate opportunity in the state proceedings to raise constitutional

challenges'; and (4) the requested relief 'seeks to enjoin' or has 'the practical effect

of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882

F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp.*

*Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)) (alterations adopted).

   We reverse the district court's decision not to apply *Younger* abstention.

Our decision is based in part on (1) Defendants' counsels' representation at oral

argument that Idaho will immediately move to lift the stay in the in rem forfeiture

action, and (2) the assumption that, apart from any criminal proceedings, the Idaho

District Court will proceed expeditiously with the in rem action, including Big

Sky's challenge to Idaho's interpretation of the federal Agricultural Improvement

Act of 2018 (known as the 2018 Farm Bill), and Big Sky's Commerce Clause

claims.  The panel will retain jurisdiction over further proceedings in this matter.

**REVERSED**.