UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| BIG SKY SCIENTIFIC LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO STATE POLICE, ADA COUNTY, JAN M. BENNETTS, in her official capacity as Ada County Prosecuting Attorney,<br><br>    Defendants. | Case No.: 1:19-cv-00040-REB<br><br>**ORDER LIFTING STAY FOR LIMITED PURPOSE OF DENYING MOTION TO DISMISS (DKT. 38), WITHOUT PREJUDICE** |

On January 24, 2019, Defendant Idaho State Police ("ISP") seized a shipment of nearly 13,000 pounds of a cargo which was being transported across Idaho from Oregon to Colorado. The seizure occurred in conjunction with the arrest of the driver of the semi-truck pulling the shipment. On February 1, 2019, the owner of the seized load, Plaintiff Big Sky Scientific LLC ("Big Sky"), filed this lawsuit pursuant to 28 U.S.C. § 2201 and FRCP 57, seeking a declaratory ruling as to Big Sky's rights under the 2018 Farm Bill, the Commerce Clause, and/or interstate commerce principles – specifically, Big Sky claims that (1) the cargo is industrial hemp under provisions of the recently-enacted federal 2018 Farm Bill; (2) industrial hemp is not a controlled substance under federal law; and (3) Idaho cannot interfere with the interstate transportation of industrial hemp because of protections under federal law for interstate commerce.

Also on February 1, 2019, Big Sky filed its Emergency Motion for Temporary Restraining Order and Preliminary Injunction, seeking entry of a temporary restraining order and an injunction under FRCP 65 to enjoin Defendants "from violating the clear commands of the [2018 Farm Bill] and the Commerce Clause, and to order Defendants to immediately return Big Sky's property." Mem. ISO Emerg. Mot. for TRO/PI, p. 1 (Dkt. 2-1). Alternatively, citing to

**ORDER - 1**

FRCP 66, Big Sky requested that the Court appoint an emergency receiver to safeguard Big Sky's "valuable, federally-protected property, pending final resolution of the matter." Emerg. Mot. for TRO/PI, p. 2 (Dkt. 2).

On February 2, 2019, the Court denied Big Sky's request for a temporary restraining order, ruling that such an order was not warranted because of serious questions about Big Sky's likelihood of success on the merits due to the incomplete status of the regulatory framework required by the 2018 Farm Bill and the required connection between that regulatory framework and the interstate transportation of industrial hemp. *See generally* 2/2/19 MDO (Dkt. 6). Consistent with FRCP 65, the Court then set Big Sky's Motion for Preliminary Injunction for hearing and provided a schedule for the parties' briefing in the meantime. *See id.* at p. 13; *see also generally* Not. (Dkt. 7). As part of their briefing, the Court ordered the parties to include a discussion concerning a federal court's authority to order that property seized in connection with a state court criminal case be relinquished – either to a third party or to a court-appointed receiver. *See* Not., pp. 1-2 (Dkt. 7).

On February 11, 2019, the Court held a hearing on Big Sky's Motion for Preliminary Injunction and, on February 19, 2019, the Court denied the same, ruling that Big Sky has not shown a likelihood of success on the merits – specifically, (1) the 2018 Farm Bill did not prevent ISP's seizure of industrial hemp; and (2) the Commerce Clause does not preempt Idaho's controlled substances laws on the facts presented. *See generally* 2/19/19 MDO (Dkt. 32).[1]

---

[1] The Court also took up the issue of whether *Younger v. Harris*, 401 U.S. 37 (1971), required the Court to abstain from considering all (or parts) of Big Sky's requested relief, ultimately concluding that it need not definitively resolve the question at "this time." 2/19/19 MDO, pp. 14-19 (Dkt. 32) ("This Decision, of course, only decides whether Plaintiff is entitled to preliminary injunctive relief. The details announced here are therefore not a final judgment of the Court. Hence, the constraint, if any, that *Younger* places upon a final judgment remains to be seen. Right now, the Court holds only that *Younger's* application need not be unfolded at present, given the Court's ruling upon the requested injunctive relief.").

**ORDER - 2**

On February 20, 2019, Big Sky appealed to the United States Court of Appeals for the Ninth Circuit, framing the issue on appeal as follows: "Did the district court abuse its discretion in refusing to grant Big Sky a preliminary injunction on the basis that the 2018 Farm Bill does not protect the interstate transport of industrial hemp lawfully produced under the 2014 Farm Bill?" Appellant's Brief, p. 4, *Big Sky Scientific LLC v. Bennetts*, No. 19-35138 (9th Cir. Mar. 20, 2019). Having made that claim, Big Sky generally argued that (1) the 2018 Farm Bill expressly allows industrial hemp to be produced and shipped across state lines; (2) the district court erred in finding that Section 10114(b) of the 2018 Farm Bill allows Idaho to interfere with the interstate commerce of hemp; and (3) the 2018 Farm Bill preempts the Idaho Controlled Substances Act insofar as the Idaho statute prohibits the interstate commerce of industrial hemp. *See id*. at pp. 16-34.

On February 25, 2019, Defendants Ada County and Jan Bennetts (collectively "County Defendants") moved to dismiss Big Sky's Complaint pursuant to FRCP 12(b)(1) and 12(b)(6), arguing that (1) the Court should abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine in light of the two state court proceedings then underway; (2) should the Court retain jurisdiction, (a) Defendant Ada County should be dismissed, as Big Sky has failed to state a claim against it, and (b) Defendant Jan Bennetts should be dismissed, as prosecutorial discretion provides absolute immunity from suit; and (3) should the Court retain jurisdiction, Big Sky's Complaint should be dismissed in its entirety for failure to state a claim because (a) the 2018 Farm Bill does not prohibit law enforcement from seizing and detaining Big Sky's cargo, and (b) the Commerce Clause does not preempt Idaho's controlled substances laws. *See generally* Cnty. Defs.' Mem. ISO MTD (Dkt. 38-1).

On September 3, 2019, the Court stayed these proceedings in light of Big Sky's appeal. *See* 9/3/19 Order, p. 7 (Dkt. 53) ("[S]taying this action in favor of first resolving Big Sky's

**ORDER - 3**

appeal promotes the orderly course of justice because it will provide guidance and clarity about the continuing viability of Big Sky's claims and remaining issues, if any, going forward."). The next day, the Ninth Circuit ruled that the Court should have applied *Younger* abstention, drawing upon representations made during oral argument that were not in this Court's record:

> Big Sky Scientific LLC (Big Sky) challenges the district court's denial of its motion for preliminary injunction. It argues that the district court erred in concluding it was unlikely to succeed on the merits of its claim that federal law prohibits the seizure of a shipment of hemp it was transporting through Idaho from Oregon to Colorado. Defendants Idaho State Police, Ada County, and Jan Bennetts, the Ada County Prosecuting Attorney, argue that the district court abused its discretion in not abstaining from this case under *Younger v. Harris*, 401 U.S. 37 (1971), because there is an in rem forfeiture proceeding pending in Idaho state court in which Big Sky can raise its federal claims. We review for abuse of discretion a district court's abstention decision. *McIntyre v. McIntyre*, 771 F.2d 1316, 1319 (9th Cir. 1985).
>
> *Younger* abstention is appropriate when "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicates important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seeks to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)) (alterations adopted).
>
> We reverse the district court's decision not to apply *Younger* abstention. Our decision is based in part on (1) Defendants' counsels' representation at oral argument that Idaho will immediately move to lift the stay in the in rem forfeiture action, and (2) the assumption that, apart from any criminal proceedings, the Idaho District Court will proceed expeditiously with the in rem action, including Big Sky's challenge to Idaho's interpretation of the federal Agricultural Improvement act of 2018 (known as the 2018 Farm Bill), and Big Sky's Commerce Claus claims. The panel will retain jurisdiction over further proceedings in this matter.
>
> **REVERSED**.

9/4/19 Mem. (Dkt. 54) (emphasis in original).[2]

---

[2] Though somewhat opaque, the Court understands that "[t]he [Circuit] panel will retain jurisdiction over further proceedings in this matter" for the purposes of ensuring that the two above-referenced conditions take place – namely, that (1) the stay in the in rem forfeiture action is lifted; and (2) the Idaho state court will proceed expeditiously with the in rem action. The Court notes that the stay in the in rem forfeiture action was lifted on September 17, 2019 and that the action is proceeding.

**ORDER - 4**

This Court reads the Ninth Circuit decision (focused as it was upon the issue of *Younger* abstention) to indicate that *Younger* abstention applies to divest this Court of jurisdiction over this action. Therefore, as a means of closing the loop, the Court lifts the stay for the limited purpose of denying the County Defendants' Motion to Dismiss (Dkt. 38), without prejudice.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the stay in the instant action is lifted for the limited purpose of DENYING the County's Defendants' Motion to Dismiss (Dkt. 38), without prejudice.

DATED: September 30, 2019

_____
Ronald E. Bush
Chief U.S. Magistrate Judge

ORDER - 5